UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEON SANDERS,

        Plaintiff,

        v.                               Case No. 26-C-100

MICHAEL BAUER,

        Defendant.

## DECISION AND ORDER

Plaintiff Deon Sanders, who was incarcerated at Waupun Correctional Institution when he brought this case but has since been released, is representing himself and proceeding on an Eighth Amendment claim based on Defendant's alleged deliberate indifference to the risk of harm that Sanders posed to himself. Discovery closes on October 15, 2026, and dispositive motions are due by November 16, 2026. On July 28, 2026, Sanders filed a motion to appoint counsel. He asserts that he asked seven different lawyers to represent him, but none have agreed to do so.

In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). Accordingly, in exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been

effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

Sanders appears to have satisfied the first prong by making reasonable efforts to obtain counsel without the Court's help. But the Court will deny his motion at this time because he appears capable of representing himself during these early stages of the case. The issue in this case is straightforward and will largely turn on Sander's recollection of what happened, what he said to Defendant, and how Defendant's response (or lack of response) impacted him. Sanders is capable of communicating his version of what happened, giving the Court confidence he can participate in discovery and respond to a motion for summary judgment.

Moreover, now that Sanders is no longer incarcerated, he has access (at a local library or community center) to online legal resources such as https://scholar.google.com and https://www.govinfo.gov/app/collection/uscourts, which permit searches of federal case law, and law libraries such as the one at the Milwaukee federal courthouse, which are staffed by librarians who can assist him in finding relevant materials. Sanders may also seek limited assistance from the Eastern District of Wisconsin Bar Association Federal Legal Assistance Program. He can start the process by completing the online form at https://edwba.org/form.php?form_id=15.

Given Sanders' demonstrated capacity to litigate his claims and the additional resources he now has access to, the Court will not recruit counsel to represent him at this stage of the case. If new challenges arise that Sanders does not believe he can overcome on his own, he may renew his request for counsel. If he does so, he must describe the challenges he faces and the efforts he has made to overcome them.

Finally, with regard to the discovery materials that Sanders filed, the Court advises Sanders that the Court is typically not involved in the parties' exchange of discovery. Sanders should communicate directly with Defense counsel—the Court should not be included in those communications.

**IT IS THEREFORE ORDERED** that Sanders' motion to appoint counsel (Dkt. No. 16) is **DENIED without prejudice** and his motion regarding untimely discovery responses (Dkt. No. 16) is **DENIED as moot**.

Dated at Green Bay, Wisconsin this 30th day of July, 2026.

William C. Griesbach
United States District Judge