**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**DEON SANDERS,**

**Plaintiff,**

**v.** **Case No. 26-C-100**

**MICHAEL BAUER,**

**Defendant.**

---

## DECISION AND ORDER

---

Plaintiff Deon Sanders is a former prisoner who is representing himself in this 42 U.S.C. §1983 action. Sanders was incarcerated when he brought this action in January 2026, but, in June 2026, he notified the Court that he had been released from prison. Sanders had been advised in four different orders that failure to keep the Court advised of his current mailing address could result in dismissal of his case without further notice. Dkt. Nos. 4, 5, 7, 11. Accordingly, after he was released, Sanders promptly notified the Court of his new mailing address. However, on August 17, August 24, and October 2, 2026, mail sent by the Court to Sanders at the address he provided was returned to the Court as undeliverable. The most recently returned mail item indicated that Sanders had "moved out" and that the U.S. Postal Service was unable to forward the mail.

As noted, Sanders was repeatedly advised that the Court and Defendants would communicate with him through the mail, so it was vital that he keep his contact information up to date. Sanders complied with this requirement after he was released from prison, but it appears that he is no longer interested in this case because he did not comply with this requirement after he

moved. It would be unfairly prejudicial to require the Defendant to incur the costs of litigation to defend against claims that Sanders appears to have no interest in prosecuting. Accordingly, having concluded that Sanders is no longer interested in prosecuting this case, the Court will dismiss it.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** based on Sanders' failure to diligently prosecute it. *See* Civil L. R. 41(c).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this 5th day of October, 2026.

William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.